Michael J. Marotte (MM-5795)
John P. Campbell (JC-8746)
Thomas J. Cotton (TC-7091)
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue
P.O. Box 991
Florham Park, New Jersey 07932-0991
*Attorneys for Plaintiff*
*Pro Custom Solar LLC d/b/a Momentum Solar*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR<br><br>                    Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER, LLC; BOUNDLESS ENERGY INC.; ROBERTO MORFFI; MARCELO BONANI; JONATHAN HAINES SALMONS; KENNETH SIDALL; ERIK BENGTSSON; ERICK RODRIGUEZ; JOHN/JANE DOES 1-10, and ABC CORPORATIONS 1-10<br><br>                    Defendants. | Civil Action No.<br>_____<br><br><br>__COMPLAINT AND JURY DEMAND__ |

Plaintiff, Pro Custom Solar LLC d/b/a Momentum Solar (sometimes hereafter referred to as "Plaintiff," "Momentum" or "the Company"), by and through its undersigned attorneys, Schenck, Price, Smith, & King, LLP, by way of a Complaint against the Defendants, says as follows:

### NATURE OF THE ACTION

1.    Defendants Freedom Forever, LLC, Boundless Energy Inc., Roberto Morffi, Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez have devised and set in motion a scheme to raid Momentum of highly skilled management, sales

and installation employees across multiple state lines to the Defendants' benefit in contravention of binding non-compete, non-solicitation agreements.

2.      Upon information and belief, the Defendants have also stolen and are using Momentum's trade secrets and proprietary information for their benefit.

3.      Momentum brings this matter before this Court to prevent, enjoin and remedy the unfair and illicit trade practices of the Defendants.

4.      Defendants Freedom Forever and Boundless's raid on Momentum is a targeted attack.

5.      The Defendants recruit current and former Momentum employees who possess knowledge and information regarding Momentum's confidential sales and installation strategies to their new employers, Freedom Forever and Boundless, in blatant contravention of the non-compete, non-solicitation and confidentiality covenants in the employees' employment agreements and/or executed employment policies with Momentum.

6.      Freedom Forever and Boundless then induce those same former Momentum employees to divulge the confidential and propriety Momentum information and materials within their knowledge and possession to them, which also violates the employment agreements and/or executed employment policies.

7.      The Defendants' efforts to recruit Momentum employees have been aggressive and pervasive extending across multiple state lines, including New Jersey, Florida, and Texas.

8.      Defendants have solicited Momentum employees with the knowledge that many, if not all, of the solicited Momentum employees are parties to employment agreements and/or executed employment policies expressly containing non-compete, non-solicitation and confidentiality restrictive covenants.  Defendants Roberto Morffi, Marcelo Bonani, Jonathan

Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez—the list and locations of the poaching grows by the day—have been lured away from their employment with Momentum to immediate employment with Freedom Forever and Boundless, in violation of the restrictive covenants in their employment agreements and/or executed employment policies.  Defendants have further conspired to lure additional employees, pled as John and Jane Doe Defendants, away from their employment with Momentum.

9.     Momentum invested heavily into the individual Defendants, providing them with extensive training to impart upon them the highly effective sales and installation strategies and methods Momentum has developed to cultivate customer relationships and consummate sales.  As such, Defendants possess and have intimate knowledge of Momentum's training materials, sales leads, sales scripts, other marketing materials and strategies, and installation methods.  Momentum spent many years and millions of dollars crafting and improving upon these sales and installation strategies and methods.  Upon information and belief, Defendants divulged Momentum's trade secrets to Freedom Forever and Boundless, thus irreparably harming Momentum.  Even if the Defendants have not yet made such disclosures, their possession of such information and materials while in the employ of an industry competitor threatens irreparable injury to Momentum.  The Defendants have stolen Momentum's processes and playbook rather than develop their own sales and installation operations honestly and at their own cost.

10.     Momentum respectfully requests that the Court enforce the restrictive covenants in the Defendants' employment agreements and/or executed employment policies, enjoin the Defendants from continued employment with Freedom Forever and Boundless, require the Defendants to return the confidential business materials in their possession, and award damages.

## THE PARTIES

11.　　Momentum is a limited liability company with its principal place of business at 3096 Hamilton Blvd. Bldg B, South Plainfield, New Jersey 07080, and is engaged in the sale, design and installation of solar-electric systems to residential property owners in New Jersey, New York, Pennsylvania, Massachusetts, Georgia, Nevada, Arizona, California, Florida, Connecticut and Texas.

12.　　Defendant Freedom Forever is in the business of selling, designing and installing solar-electric systems to residential customers and commercial businesses across multiple states, including New Jersey, Arizona, California, Colorado, Florida, Nevada, Texas, and Utah. Freedom Forever is a Delaware limited liability company with a principal place of business at 43445 Business Park Drive, Suite 110, Temecula, CA 92590.

13.　　Defendant Boundless is in the business of selling, designing and installing solar-electric systems to residential customers and commercial businesses across multiple states, including New Jersey, Arizona, Connecticut, Florida, Massachusetts, Rhode Island, South Carolina, and Vermont.　Boundless is a corporation organized under the laws of the Commonwealth of Massachusetts.　Its registered Commonwealth address is 1 Debrah Lane, Millis, MA 02054. Boundless is authorized to do business in Florida and its agent for service of process is Registered Agent Solutions, Inc., 155 Office Plaza Drive, Suite A, Tallahassee, FL 32301.

14.　　Boundless, effectively, serves as the Florida sales arm of Freedom Forever.　The two entities are closely affiliated and, upon information and belief, function as a single organization within Florida.

15.     Defendant, Roberto Morffi, is a former employee of Momentum and current employee of Freedom Forever or Boundless, who resides at 1560 Marden Ridge Loop, Apt. 204, Apopka, FL 32703.

16.     Defendant, Marcelo Bonani, is a former employee of Momentum and current employee of Freedom Forever or Boundless, who resides at 238 Lake Mariana Place, Auburndale, FL 33823.

17.     Defendant, Jonathan Haines Salmons, is a former employee of Momentum and current employee of Freedom Forever or Boundless, who resides at 1463 Nottingham Drive, Winter Park, FL 32792.

18.     Defendant, Kenneth Sidall, is a former employee of Momentum and current employee of Freedom Forever or Boundless, who resides at 2937 Ashton Terrace, Oviedo, FL 32765.

19.     Defendant, Erik Bengtsson, is a former employee of Momentum and current employee of Freedom Forever or Boundless, who resides at 2100 Kersey Street, Apt 2211, Davenport, FL 33897.

20.     Defendant, Erick Rodriguez, is a former employee of Momentum and current employee of Freedom Forever or Boundless, who resides at 3009 Whisper Lake Lane, Winter Park, FL 32792.

21.     Freedom Forever and Boundless's blitzkrieg is active and ongoing.  Momentum expects to uncover and name additional Defendants pled herein as John / Jane Doe Defendants and ABC Corporations.

22.     John and Jane Doe Defendants are current and former Momentum employees who have conspired with Defendant Freedom Forever, Boundless, and the Individual Defendants to

lure additional employees away from their employment with Momentum and divulge Momentum's confidential and propriety information and materials within their knowledge and possession to Defendants Freedom Forever and Boundless, in violation of employment agreements and/or executed employment policies.

23.    ABC Corporations are any and all currently unknown corporate entities related to and/or being used by Defendants Freedom Forever and Boundless in a vain attempt to shield themselves from exposure to liability for their illicit acts.

**JURISDICTION AND VENUE**

24.    Per this Court's May 28, 2021 order in *Pro Custom Solar LLC v. Freedom Forever, LLC*, Case No. 2:20-cv-9994-JXN-ESK, this matter will be transferred to the United States District Court for the Middle District of Florida.  As such, the allegations below are pled to establish jurisdiction and venue within same.

25.    This Court is the proper venue and has specific jurisdiction over Defendants because, as detailed at length in this Complaint, they are working in concert to commit unlawful acts within the District that cause Momentum to suffer harm in the District.

26.    This Court has general jurisdiction over Defendants Freedom Forever and Boundless.  Freedom Forever and Boundless do business in the State of Florida, either directly themselves or indirectly through their subsidiaries.  And, *most significantly*, Freedom Forever and Boundless employ individuals within the State of Florida, hired either through direct poaching of Momentum's employees or through public advertisements placed by Freedom Forever and Boundless.

27.     This Court has general jurisdiction over Defendants Roberto Morffi, Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez.  The Defendants reside in the State of Florida.

28.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.  All members of Momentum are citizens of New Jersey.  Upon information and belief, no members of Freedom Forever are citizens of New Jersey.

29.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because actions which form the basis for this lawsuit are occurring within this jurisdiction.

## FACTS COMMON TO ALL COUNTS

### *Momentum's Business Operations and Growth*

30.     Momentum is an owner-operated company that provides a wide range of services to its customers from solar enrollment through customized design, engineering, permitting, installation and activation of solar energy systems.

31.     The business of selling and installing solar energy systems is highly competitive and success is driven by the development of effective marketing and sales strategies, cultivation of customer relationships, consummation of sales, effective installation of solar systems, recruitment of competent and driven employees, and the effective training of such employees.

32.     Momentum has invested significant resources and human capital to craft effective marketing, sales, and installation strategies as well as training materials and programs to develop its employees, all of which have been critical to Momentum's success in the industry.

33.     Through its efforts, Momentum has obtained substantial market knowledge of every aspect of the solar energy retail market, and that knowledge has gained it relationships and techniques that have yielded advantages that lower its sales costs relative to its competitors.

34.     Momentum's investments have paid dividends and allowed Momentum to grow exponentially since its founding in 2009.  By way of illustration, in 2011 Momentum had four employees and one facility (in New Jersey only).  Today, Momentum employs over 2,300 individuals and has 22 facilities (in eleven states).

### *Momentum's Proprietary Employee Sales Training*

35.     Intensive employee training is a key aspect to Momentum's success.

36.     Momentum invests significant time and money into the written materials used to train its employees, which includes an employee manual, as well as the preparation for classroom like experiences.

37.     Momentum employees working sales and installation are extensively trained.

38.     Momentum employees spend the first week of their employment with Momentum engaged in training.

39.     In addition to classroom-type presentations that are part of Momentum's sales training, Momentum trains its employees by staging role-playing episodes in front of the training classes to demonstrate for its staff how to answer customer questions and handle difficult or reluctant sales prospects.

40.     Plaintiff's materials and presentations are constantly, consistently updated by Plaintiff's managers based upon confidential sales data.

41. During the training and once new employees are integrated into the sales force, they are provided with sales "scripts" that, like the training manual and the employee orientation in general, are constantly updated based upon market conditions and research.

42. These sales scripts are constantly refined, revised and redrafted based upon Momentum's marketing experience. The sales scripts are also specialized for each stage of the sales cycle. For example, Momentum drafts specific scripts for: (1) initial calls; (2) follow-up calls; (3) sales qualification calls; and (4) calls placed after a home visit that did not result in a signed contract.

43. Again, those scripts are constantly re-written and refined based upon market experience and feedback from the staff as to what types of communications are effective.

44. The training does not cease once the new employees become integrated into the sales force. Sales employees are provided with sales scripts that, like the initial training program, are routinely updated based upon market conditions and research.

### *Momentum's Proprietary Employee Installation Training*

45. Momentum employees working in installations are also extensively trained, through methods that are both unique and proprietary to Momentum.

46. By way of one example, the training is individually tailored to the regions where the installers will be working. This includes on-the-job training in some regions and in-the-classroom training in others.

47. The region-specific training is necessary to address region-specific issues, *e.g.*, requirements imposed by utility regulators.

48.     By way of another example, the training is team-based with employees assigned certain roles dependent on their personal experience and collective competence within the team to which they are assigned.

49.     This makes a trained install team much more valuable than an equal number of untrained individuals, even if those individuals have the same educational backgrounds and work experience.

### *Momentum's Proprietary Customer Data Drives Sales*

50.     Customer data is the lifeblood of the solar industry.

51.     Like raw materials in a complex and proprietary manufacturing process, Plaintiff acquires sales leads through various, confidential means and develops them into closed transactions.

52.     Plaintiff's sales employees are a critical component of this manufacturing process.

53.     Moreover, Plaintiff's sales employees possess in-depth knowledge of this manufacturing process.

54.     The knowledge possessed by these sales employees is further exemplified by their exposure to Plaintiff's sales leads, leads that occupy all stages of the sales cycle.

55.     That knowledge has real value to Plaintiff's competitors, and the value increases as a sales lead progresses through the stages.

### *Momentum's Proprietary Installation Methods Expand Momentum's Business*

56.     Momentum installation strategies are also proprietary.

57.     Just as the training is team-based, the team's installation methods are absolutely dependent on the allocation of responsibilities and job duties within the team.

58.     The number of installers assigned to a team, the role each installer plays, the calculus by which their schedule is crafted to maximize both volume of sales and quality of installation—all that is proprietary to Momentum.

59.     No solar company, Momentum included, publicizes its confidential installation strategies.

### Defendant Roberto Morffi's Momentum Employment & Momentum Agreement Violations

60.     Defendant Roberto Morffi began working for Momentum on or about December 1, 2016, in New Jersey.

61.     Defendant Roberto Morffi was identified as an exemplary employee and promoted to a management-level sales position in Momentum's Florida region.

62.     Defendant Roberto Morffi was critical to the growth of Momentum's Florida territory, which is located in one of the hottest solar markets in the country.

63.     In approximately two years, Momentum expanded from zero to well over 100 employees in Florida. Momentum has devoted significant financial and non-financial resources to expanding its share of the Florida solar market.

64.     Throughout his employment with Momentum, Defendant Roberto Morffi had access to and learned Momentum's proprietary and confidential business information, including marketing and sales strategies geared toward expanding Momentum's share of the burgeoning Florida solar energy market.

65.     As a management-level sales leader, Defendant Roberto Morffi received extensive training and had access to Momentum's sales leads, Florida solar market intel, sales scripts for the Florida market, interview techniques, bespoke interview questions, team leader platforms,

compensation structures and sales leads. This information was stored electronically on Momentum's computer system and Defendant Roberto Morffi had access to such system.

66. In order to protect its trade secrets and legitimate business interests, Momentum required Defendant Roberto Morffi to sign an employment agreement containing certain restrictive covenants.

67. The employment agreement precluded Defendant Roberto Morffi from: (A) for a period of six months following his termination of employment from Momentum, competing directly or indirectly with Momentum; (B) ever disclosing Momentum's confidential business information; and (C) for a period of one year following his termination of employment from Momentum, soliciting Momentum's customers, suppliers, or employees.

68. In violation of the foregoing covenants, Defendant Roberto Morffi obtained employment with Freedom Forever or Boundless within six months of his resignation from Momentum, failed to return, took and disclosed Momentum's confidential, proprietary information when he joined Freedom Forever or Boundless, and solicited several Momentum installation employees to leave Momentum and join Freedom Forever or Boundless.

### *Defendants Freedom Forever, Boundless, and Roberto Morffi's Efforts to Poach Momentum's Sales Employees in Florida and Steal Trade Secrets*

69. Upon information and belief, Defendants Freedom Forever and Boundless recruited Defendant Roberto Morffi to leave Momentum and join their ranks.

70. Thereafter, Defendants Freedom Forever, Boundless, and Roberto Morffi embarked on a campaign to solicit Momentum employees possessing intimate knowledge regarding Momentum's proprietary sales strategies to join Roberto Morffi at Freedom Forever's and Boundless's Florida offices.

71.     Defendant Roberto Morffi recruited certain employees from Momentum to Freedom Forever and Boundless when he was an employee, agent, and/or representative of Freedom Forever and Boundless.

72.     Defendants Freedom Forever, Boundless, and Roberto Morffi recruited certain employees from Momentum to Freedom Forever and Boundless despite their knowledge that those employees were parties to employment agreements containing strict non-compete, non-solicitation and confidentiality covenants.

73.     Defendants Freedom Forever, Boundless, and Roberto Morffi contrived a scheme by which to acquire Momentum's key sales employees in Florida and uncover the secrets of Momentum's sales strategies and business successes to further the objectives of Freedom Forever and Boundless.

74.     Specifically, Defendant Roberto Morffi was the first of six professionals targeted by Freedom Forever and Boundless.  Defendant Roberto Morffi went on to recruit Defendants Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez to leave Momentum and join Freedom Forever or Boundless.

75.     Thereafter, Defendants Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez played a significant role and were co-conspirators in advancing Defendants Freedom Forever, Boundless, and Roberto Morffi's nefarious scheme including the solicitation of current and former Momentum employees for employment with Freedom Forever and Boundless.

76.     Upon information and belief, Defendant Roberto Morffi also took confidential and proprietary information from Momentum and shared it with his new employer, Defendant Freedom Forever or Boundless.  Together, the Defendants took with them the culmination of the years of

trial and error, adjustments and development of best-in-class sales procedures and training. Defendants took thousands of hours of research as well as millions of dollars in expenses to develop Momentum's training, sales and marketing strategies and programs.

77.    Defendants Freedom Forever and Boundless incentivize Defendant Roberto Morffi and others to poach additional Momentum employees with referral fees when a new employee is hired.

78.    Upon information and belief, Defendant Roberto Morffi intentionally provided Momentum's trade secrets to Freedom Forever and Boundless upon termination of his employment with Momentum.

79.    Upon information and belief, Defendants Freedom Forever, Boundless, and Roberto Morffi have converted and misappropriated Momentum's trade secrets and proprietary and confidential information in order to effectuate an unfair competitive advantage benefitting their own objectives at Freedom Forever and Boundless.

80.    As a result of this conduct, Momentum has lost key employees to a competitor and now that competitor possesses its trade secrets.

### *Defendants Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez Violate Their Employment Agreements*

81.    Defendant Roberto Morffi also solicited numerous Momentum employees including Defendants Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez for employment at Freedom Forever and Boundless within one year of his and their termination from employment with Momentum.

82.    Defendant Roberto Morffi's solicitations successfully lured Defendants Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez to employment with Freedom Forever and Boundless.

83.     Similar to Defendant Roberto Morffi, Defendants Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez had access to and learned Momentum's proprietary and confidential business information, including research, marketing, and sales strategies geared towards expanding Momentum's share of the burgeoning Florida solar energy market.

84.     They also received extensive training and had access to Momentum's sales leads, Florida solar market intel, sales scripts for the Florida market, interview techniques, bespoke interview questions, team leader platforms, compensation structures and sales leads. This information was stored electronically on Momentum's computer system and they had access to such system.

85.     Like Defendant Roberto Morffi, Defendants Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez were required to execute an employment agreement identical to or substantially similar to the agreement executed by Defendant Roberto Morffi.

86.     The employment agreements precluded Defendants Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez from: (A) for a period of six months following their termination of employment from Momentum, competing directly or indirectly with Momentum;[1] (B) ever disclosing Momentum's confidential business information; and (C) for a period of one year following their termination of employment from Momentum, approaching Momentum's customers, suppliers, or employees.

87.     In violation of the foregoing covenants, Defendants Marcelo Bonani, Jonathan Haines Salmons, Kenneth Sidall, Erik Bengtsson, and Erick Rodriguez obtained employment with

---

[1]     Defendant Erick Rodriguez's employment agreement did not contain a six-month non-compete provision.

Freedom Forever and Boundless immediately upon their resignation from Momentum, failed to return, took and disclosed Momentum's confidential, proprietary information when they joined Freedom Forever and Boundless, and solicited several Momentum installation employees to leave Momentum and join Freedom Forever and Boundless.

### *Defendants' Refusal to Cease their Illicit Conduct*

88.     Beginning on July 30, 2020, demand was made by Momentum to the individual Defendants to cease their misconduct.

89.     Momentum advised the individual Defendants of their breaches of the employment agreements and/or executed employment policies, and afforded opportunities to return Momentum's proprietary information and materials.

90.     The individual Defendants failed to respond to the demand letters and return Momentum's proprietary information and materials.  Moreover, all of the individual Defendants continue to be employed by Freedom Forever or Boundless.

91.     For these reasons, Momentum is entitled to restrain the individual Defendants' employment with Freedom Forever and Boundless, and has a compelling and legitimate interest in the return of its proprietary and confidential business information and materials.

### COUNT ONE
#### *(Tortious Interference with Contractual Relations as to All Defendants)*

92.     Momentum repeats and realleges the allegations contained in all of the preceding paragraphs as if set forth fully herein.

93.     Momentum established a contractual and advantageous business relationship with the individual Defendants as evidenced by the relevant employment agreements and/or executed employment policies.

94.    Momentum had a reasonable expectation of economic advantage through its contractual relationships with its employees.

95.    Defendants Freedom Forever or Boundless, through their employment of Defendant Roberto Morffi, know of Momentum's contractual and advantageous business relationship with the other individual Defendants and, in particular, the terms of relevant employment agreements and/or executed employment policies.

96.    Despite knowledge of Momentum's contractual and advantageous business relationship with the individual Defendants, Defendants Freedom Forever, Boundless, Roberto Morffi and the remaining individual Defendants intentionally, tortiously, and unjustifiably, interfered in Momentum's contractual and advantageous business relationship with these employees by inducing, conspiring with, and encouraging them to breach their contractual obligations to Momentum.

97.    Defendants' interference with Momentum's contractual advantage and business relations was intentional and unjustified.

98.    As a direct and proximate result of Defendants' intentional and unjustified interference in Momentum's contractual and advantageous business relationship with the individual Defendants, Momentum has suffered and will continue to suffer irreparable harm and other injury and damages, including but not limited to lost investment, lost profits, damage to its customer relations, employee relations, business reputation and goodwill and for some of which injuries there is no adequate remedy at law.

99.    As a direct and proximate result of Defendants improper interference, Momentum has suffered and will continue to suffer damages.

## COUNT TWO
### *(Tortious Interference with Business as to All Defendants)*

100.    Momentum repeats and realleges the allegations contained in all of the preceding paragraphs as if set forth fully herein.

101.    Defendants knowingly, intentionally, and without justification, interfered with Momentum's business relationships with its clients, customers, vendors, employees, and lead sources.

102.    Defendants interfered with Momentum's prospective economic advantage by taking, soliciting and accepting the confidential and proprietary information of Momentum to Freedom Forever and Boundless.

103.    As a direct and proximate result of Defendants' improper interference, Momentum has suffered and will continue to suffer damages.

## COUNT THREE
### *(Breach of Contract as to the Individual Defendants)*

104.    Momentum repeats and realleges the allegations contained in all of the preceding paragraphs as if set forth fully herein

105.    Defendants executed employment agreements and/or employment policies pursuant to which they agreed that, after termination of their employment with Momentum, they would not compete with Momentum for a period of time and/or for an additional period of time they would not solicit Momentum's customers, vendors, or employees or disclose Momentum's trade secrets and confidential, proprietary business information.

106.    Defendants are in violation of their agreements and/or policies because immediately after ceasing employment with Momentum they went to work for competitors, Freedom Forever and Boundless, immediately began soliciting Momentum's employees, and

divulged Momentum's trade secrets and confidential, proprietary business information to Freedom Forever and Boundless.

107.    As a result of these breaches, Momentum has suffered and continues to suffer damages and irreparable losses, including loss of business, loss of goodwill, and other damages.

## COUNT FOUR
### *(Breach of Implied Covenant of Good Faith and Fair Dealing as to the Individual Defendants)*

108.    Momentum repeats and realleges the allegations contained in all of the preceding paragraphs, as if set forth fully herein.

109.    Defendants breached the implied covenant of good faith and fair dealing which forms a part of their employment duties to Momentum.

110.    Momentum has suffered irreparable injury and is threatened with additional immediate injuries and damages as a result of the Defendants' continued and deliberate violations of the implied covenant of good faith and fair dealing.

111.    Defendants' continuing violations of the implied covenant of good faith and fair dealing present a likelihood of permanent injury to the business of Momentum and it seeks permanent injunctive relief to recover and protect its trade secrets and to prevent further damage to its business.

## COUNT FIVE
### *(Aiding and Abetting Breach of Employment Agreements/Policies And Breach of Fiduciary Duty)*

112.    Momentum repeats and realleges the allegations contained in all of the preceding paragraphs, as if set forth fully herein.

113.    Momentum entered into employment agreement and/or employment policies with the individual Defendants.

114.    The employment agreement and/or employment policies precluded the individual Defendants from: (A) for a period of six months following their termination of employment from Momentum, competing directly or indirectly with Momentum;[2] (B) ever disclosing Momentum's confidential business information; and (C) for a period of one year following their termination of employment from Momentum, approaching Momentum's customers, suppliers, or employees. Defendant actively solicited employees of Momentum.

115.    Momentum also reposed trust and confidence in its employees and the employees expressly accepted this reposition of trust and confidence and as a result the individual Defendants owed fiduciary duties to Momentum.

116.    The individual Defendants breached their employment agreements and/or policies as well as their fiduciary duties to Momentum by actively soliciting employees of Momentum to go and work for Defendants Freedom Forever and Boundless.

117.    Defendants knew about the aforementioned breaches and substantially assisted the individual Defendants' breach of employment agreements and/or policies as well as their fiduciary duties owed to Momentum.

118.    Defendants Freedom Forever and Boundless currently employ the individual Defendants thereby aiding and abetting the wrongful actions of them in violation of their employment agreement and/or executed employment policies with Momentum.

119.    As a result of these actions, Momentum has suffered and will continue to suffer damages.

---

[2]    Defendant Erick Rodriguez's employment agreement did not contain a six-month non-compete provision.

## COUNT SIX
### (Civil Conspiracy)

120.     Momentum repeats and realleges the allegations contained in all of the preceding paragraphs, as if set forth fully herein.

121.     Defendants have entered into an agreement with a common design to perpetuate unlawful activity.

122.     Such unlawful activity includes, but is not limited to, the misappropriation of Momentum's trade secrets and pilfering of Momentum's employees.

123.     As a result of these actions, Momentum has suffered and continues to suffer damages and irreparable losses, including loss of business, loss of goodwill, and other damages.

## COUNT SEVEN
### (Violation of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.)

124.     Momentum repeats and realleges the allegations contained in all of the preceding paragraphs as if set forth fully herein.

125.     Momentum developed, created, owns and possesses trade secrets, including, but not limited to customer information and marketing information.

126.     This confidential, proprietary and trade secret information related to products and/or services used in, and/or intended for use in, interstate or foreign commerce.

127.     The actions of the Defendants as described above constitute violations of one or more provisions of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq. (the "DTSA").

128.     The DTSA provides, in relevant part:

> An owner of a trade secret that is misappropriated may bring a civil action under this subsection of the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce.

> U.S.C. § 1836(b)(1).

129.    The DTSA also provides that "a court may grant an injunction – to prevent any actual or threatened misappropriation described in paragraph (1) on such terms as the court deems reasonable. . . ." 18 U.S.C. § 1836(b)(3)(A).

130.    Momentum's trade secrets derived independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable to others in the solar industry. Such trade secrets are extremely valuable to Momentum, crucial to the operation of Momentum's business, and if available to others, would enable others to unfairly compete with Momentum to Momentum's detriment.

131.    Momentum's trade secrets are used in connection with its services.

132.    Momentum implemented and continues to implement reasonable commercial restrictions to ensure that the trade secrets maintain their secrecy.

133.    By engaging in the conduct described above, Defendants, individually or collectively, have intentionally, willfully and maliciously misappropriated, misused, revealed and disclosed trade secrets and/or confidential or proprietary information or knowledge of Momentum, and will continue to do so.

134.    The aforementioned collective acts of the Defendants constitute misappropriations under the DTSA.

135.    Defendants will, if not permanently enjoined by the Court, continue their acts and benefit from their misappropriation, causing Momentum irreparable harm, damage and injury.

## **COUNT EIGHT**
### *(New Jersey Trade Secrets Act, N.J.S.A. 56:15-1, et seq. (the "NJTSA"))*

136.    Momentum repeats and realleges the allegations contained in all of the preceding paragraphs as if set forth fully herein.

137.    The information the Defendants sought, was seeking, or obtained constituted a formula, pattern, business data compilation, program, method, technique, design, plan, procedure, or process that has actual or potential economic value as a result of not being known to others who might derive economic value as a result of not being known to others who might derive economic value from its use.

138.    This information includes Momentum's confidential, proprietary information regarding marketing, sales generation, training materials, installation and other trade secrets.

139.    Momentum used reasonable efforts to maintain the secrecy of the information, including the limitation of access to such information, the monitoring of its employees, and requiring employees who obtained access to such information to sign non-disclosure agreements.

140.    Defendants knew or had reason to know that they were acquiring Momentum's trade secrets by improper means and in breach of an express or implied duty of Momentum's employee's duty to maintain the secrecy of or limit the disclosure of trade secrets.

141.    Defendants' actions were in violation of the New Jersey Trade Secrets Act, N.J.S.A. § 56:15-1, *et seq.* (the "NJTSA").

### COUNT NINE
*(Misappropriation or Common Law Theft of Trade Secrets)*

142.    Momentum repeats and realleges the allegations contained in all of the preceding paragraphs as if set forth fully herein.

143.    The confidential business proprietary information, including but not limited to marketing strategies, that were entrusted to Defendants constitute trade secrets.

144.    Defendants owed a duty to preserve the confidentiality of Momentum's confidential business proprietary information and trade secrets and not to disclose or utilize such information following termination of their employment.

23

145.    In breach of their duty to maintain and preserve the confidentiality of Momentum's confidential business proprietary information and trade secrets, Defendants utilized Momentum's confidential, proprietary business information and trade secrets and unlawfully disseminated that information for their own, Freedom Forever's and Boundless's financial gain.

146.    Momentum's confidential business proprietary information and trade secrets derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, other persons who might gain economic value from knowledge of them.

147.    Defendants' misappropriation of Momentum's confidential, proprietary business information and trade secrets and their willful and malicious actions were solely for purposes of their own, Freedom Forever's and Boundless's financial gain at the expense of Momentum.

148.    Momentum has suffered irreparable injury and damages, and is threatened with additional immediate and irreparable injuries and damages as a result of Defendants' continued willful and malicious actions.

149.    Defendants' continuing willful and malicious actions present a likelihood of permanent injury to the business of Momentum and it seeks permanent injunctive relief to recover and protect its confidential business proprietary information and trade secrets and to prevent further damage to its business.

## COUNT TEN
### (Employee Piracy)

150.    Momentum repeats and realleges the allegations contained in all of the preceding paragraphs as if set forth fully herein.

151.    Defendants targeted the individual Defendants and others, to convince them to leave Momentum with the express purpose of harming Momentum, which is Freedom Forever and Boundless's competitor.

152.    Defendants were aware, or should have been aware, that the departure of these employees and others would cause Momentum immediate harm and impede its ability to service its customers and operate in the marketplace.

153.    Defendants did so maliciously with the intent of harming Momentum's economic advantage or reasonable expectation of an economic advantage.

154.    Momentum has suffered and will continue to suffer damages as a result of Defendants' actions.

**COUNT ELEVEN**
*(Unfair Competition)*

155.    Momentum repeats and realleges the allegations contained in all of the preceding paragraphs as if set forth fully herein.

156.    By virtue of the acts described above, Defendants misappropriated Momentum's property, sought to unfairly capitalize on the efforts of Momentum, tortiously interfered with existing agreements, and sought to pirate the employees and customers of Momentum using unfair and deceptive practices.

157.    Defendants have committed these acts maliciously and for the purpose of inflicting harm on Momentum or to the benefit of the Defendants at the expense of Momentum.

158.    As a result of Defendants' actions, Momentum has suffered and will continue to suffer damages.

## PRAYER FOR RELIEF AS TO ALL COUNTS

WHEREFORE, Momentum demands judgment against Defendants, jointly and severally, or in the alternative, as follows:

a. Permanently restraining Defendants, their agents, servants and employees and all others acting in concert or participating with them, from soliciting current or former Momentum employees for employment and/or confidential, proprietary information in violation of those employees' employment agreements and/or executed employment policies with Momentum;

b. Permanently restraining Defendants, their agents, servants and employees and all others acting in concert or participating with them, from soliciting business from or doing business with, directly or indirectly, any past, present or prospective customer of Momentum;

c. Permanently restraining Defendants from publishing, releasing, disclosing or utilizing any trade secrets or confidential, private or propriety information belonging to Momentum;

d. Compelling Defendants to immediately return to Momentum all originals and all copies, electronic or otherwise, of all of Momentum's confidential, proprietary, or trade secret information in their possession, custody or control, or in the possession, custody or control of their agents or representatives;

e. Compelling Defendants to certify in writing, under the penalties of perjury, after returning the information described above to Momentum, that all paper copies and all copies maintained in electronic format or on any electronic device, of any of Momentum's confidential, proprietary or trade secret information in their possession,

custody or control have been returned to Momentum, and that all electronic copies of any such information have been permanently deleted and/or destroyed from their respective e-mail accounts or any other location where they have been or are currently stored;

f.  Permitting Momentum to have access to and examine (at the Defendants' expense) any and all computers, flash drives, printers, cell phones and other devices capable of storing or transmitting electronic data in the Defendants' possession, custody or control, to confirm that the Defendants no longer possess any of Momentum's confidential, proprietary or trade secret information;

g.  Permanently restraining Defendants for a period of at least six months, from taking or accepting employment with or otherwise rendering any services to a competitor of Momentum including, but not limited to, Freedom Forever and Boundless or any other company engaged in the selling of a product or service which resembles or competes with any of Momentum's products or services;

h.  Permanently restraining Defendants from utilizing in the future the methods or information detailed in this complaint and from utilizing any of the information obtained in violation of the NJTSA;

i.  Entering judgment against Defendants for compensatory damages in the amount of profits from business opportunities stolen by Defendants, together with interest, investigative expenses, penalties, attorneys' fees and punitive damages pursuant to N.J.S.A. § 56:15-4(b) and N.J.S.A. § 56:15-6(a), and collection costs;

j.  Entering judgment against Defendants for each cause of action set forth herein;

k.  Permanently attaching certain assets of the Defendants;

l.   Requiring an accounting and disgorgement by Defendants of any income generated by their illicit actions; and

m.  Such other and further relief as the Court deems appropriate.

## JURY DEMAND

Momentum hereby demands trial by jury on all issues so triable.

## CERTIFICATION PURSUSANT TO LOCAL CIVIL RULE 11.2

Plaintiff, by and through its attorneys, hereby certifies, that the matters raised herein are not the subject of any other pending lawsuit, arbitration or administrative proceeding pending in any other court, with the exception of *Pro Custom Solar LLC v. Freedom Forever, LLC*, Case No. 2:20-cv-9994-JXN-ESK.

Dated:        Florham Park, New Jersey
              July 9, 2021

By: s/ Thomas J. Cotton
**SCHENCK, PRICE, SMITH & KING, LLP**
Michael J. Marotte (MM-5795)
John P. Campbell (JC-8746)
Thomas J. Cotton (TC-7091)
220 Park Avenue
Florham Park, NJ 07932
*Attorneys for Plaintiff*
*Pro Custom Solar LLC d/b/a Momentum Solar*
